IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Philippi-Hagenbuch, Inc. and LeRoy G. Hagenbuch, )
)
Plaintiffs, )
)
v. ) Civil Action No. 12-1099
)
Western Technology Services International, Inc., ) JURY TRIAL DEMANDED
)
Defendant,

## COMPLAINT

Plaintiffs Philippi-Hagenbuch, Inc. and LeRoy G. Hagenbuch ("Plaintiffs"), by and through their attorneys, for their Complaint against Defendant Western Technology Services International, Inc. ("Westech" or "Defendant"), demanding trial by jury, hereby allege as follows:

### I. THE PARTIES

1. Plaintiff Mr. Hagenbuch is an individual residing at 1425 East Glen Avenue, Peoria, Illinois 61616. Mr. Hagenbuch is a licensed professional engineer who is the president of Philippi-Hagenbuch, Inc.

2. Plaintiff Philippi-Hagenbuch is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 7424 W. Plank Road Peoria, IL 61604. Philippi-Hagenbuch is an engineering design firm specializing in the design and manufacturing of specialty bodies, water tanks, and like components for haulage vehicles.

3. Defendant Westech is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 415 First Street, Mills, Wyoming 82644. Defendant Westech is a subsidiary of Austin Engineering Ltd.

4. Upon information and belief, Defendant Westech does business in this district.

## II. JURISDICTION AND VENUE

5. This action includes claims for patent infringement and arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a) and (b).

6. Westech's infringing activities include transactions in Illinois, in that Westech does business with, and collaborates with, Komatsu in Peoria, Illinois, in the design of mining truck bodies for application on Komatsu's truck chassis. Westech produces "Westech Komatsu" truck bodies, which are custom designs, and Westech does so by engaging in the design process in collaboration with Komatsu in Peoria, Illinois.

7. Westech's design process on "Westech Komatsu" truck bodies involves, in each instance at a minimum, Westech's communicating directly with Komatsu in Peoria, Illinois, to obtain design parameters for the interface between the particular truck chassis and truck body at the outset of the design process, and to obtain Komatsu's certification of the design at the end of the design process, without which the customer would not have the Komatsu Truck Chassis warranty protection necessary to the successful sale of Westech's "Westech Komatsu" truck bodies.

8. The same is basically true of Westech's production of "Westech Caterpillar" truck bodies for application on Caterpillar's mining truck chassis. Westech has for years produced truck bodies for custom applications on Caterpillar mining truck chassis, and on information and belief still maintains such a business relationship with Caterpillar, and still engages in the transaction of business with Caterpillar in Peoria, Illinois, including communications with Caterpillar directly in Peoria, Illinois, and Decatur, Illinois as part of Westech's design process of such truck bodies for Caterpillar's mining truck chassis.

9. This Court has personal jurisdiction over the Plaintiffs and the Defendant Westech, and venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400.

## III. FACTUAL ALLEGATIONS

10. Mr. Hagenbuch is a licensed professional engineer who is the president of Philippi-Hagenbuch, Inc., which is an engineering design firm specializing in the design and manufacturing of specialty bodies for haulage vehicles.

11. Mr. Hagenbuch is the named inventor in over 50 United States patents and numerous foreign patents primarily in technology areas related to haulage vehicles.

12. Philippi-Hagenbuch, Inc. designs, manufactures, markets and sells a variety of haulage related equipment, including customized haulage bodies for off-road trucks and water tanks for mounting to off-road vehicles. Both the customized bodies and the water tanks include features protected by one or more of Mr. Hagenbuch's patents.

13. Upon information and belief, Westech manufactures, markets and sells water tanks that include access hatches on the front and rear walls of the tanks. The water tanks include spray equipment for distributing water from the tank to road surfaces for controlling dust in open pit mining operations.

14. Westech also manufactures, markets and sells customized "off-road mining truck bodies" and boasts it has "engineered up to 42 unique truck body configurations in a year's time." Upon information and belief, Westech creates its customized designs by collecting information about the intended load for the body, using that information to model the intended body load and including that model load information as a parameter in designing the custom bodies.

15. One of the attorneys for Philippi-Hagenbuch, Inc., John Conklin, wrote to the president of Westech, Mr. Harold Allison, in a December 1, 2010 letter requesting that Westech cease and desist from any infringement of the patents owned by

Philippi-Hagenbuch, Inc. as identified in the letter. The letter specifically referred to Westech's water tank products.

16. Upon information and belief, based on correspondence among and between the various counsel for Westech and Plaintiffs' counsel from December 1, 2010 until Westech cut off all communication on September 22, 2011, Westech has been on notice of, but has continuously disregarded, Plaintiffs' patent rights and continues to infringe the patents identified to Westech and its attorneys. Upon information and belief, this continued infringement is willful and without a good faith basis that the patents are invalid.

## THE PATENTS IN SUIT

17. Plaintiff Philippi-Hagenbuch, Inc. is the assignee and sole owner of all right, title and interest in and to:

    - United States Patent No. 7,369,978, issued on May 6, 2008, for "Process for Three-Dimensional Modeling and Design of Off-Highway Dump Bodies" ("the '978 patent"), a true and correct copy of which is attached hereto as Exhibit 1; and

    - United States Patent No. 7,412,357, issued on August 12, 2008, for "Process for Three-Dimensional Modeling and Design of Off-Highway Dump Bodies " ("the '357 patent"), a true and correct copy of which is attached hereto as Exhibit 2.

    The '978 and '357 patents describe a predictive approach for modeling loads to be carried by a truck body and then using the characteristics of the predicted load to design the truck body best suited for the load characteristics.

18. Plaintiff Mr. Hagenbuch is the sole owner of all right, title and interest in and to:

    - United States Patent No. 6,547,091, issued on April 15, 2003, for "Baffled Tank for a Vehicle" ("the '091 patent"), a true and correct copy of which is attached hereto as Exhibit 3; and

- United States Patent No. 7,735,507, issued on June 15, 2010, for "Baffled Tank for a Vehicle" ("the '507 patent"), a true and correct copy of which is attached hereto as Exhibit 4.

Plaintiff Philippi-Hagenbuch, Inc. has a shop right to make, use or sell the inventions protected by the '091 and '507 patents.

The '091 and '507 patents describe a tank baffling system that compartmentalizes a liquid such as water in order to prevent surging and to ensure truck stability in any application. Front-to-back baffling and a backbone structure work together with internal fluid surge stabilizers to minimize side-to-side churning for maximum control on haul roads. The system includes exterior doors and interior man-sized access doors located throughout the tank, allowing natural light to enter and minimizing confined space. The doors simplify maintenance and allow for unrestricted access to any part of the tank interior.

19. Collectively, the patents in paragraphs 17 and 18 are referred to herein as the "Patents in Suit."

## IV. PLAINTIFF'S CLAIMS

### COUNT ONE-PATENT INFRINGEMENT
### U.S. PATENT NO. 7,369,978

20. Plaintiff Philippi-Hagenbuch, Inc. re-alleges and incorporates herein paragraphs 1-19.

21. Defendant Westech has directly infringed, induced infringement of, and/or contributed to the infringement of the '978 Patent.

22. Defendant Westech has infringed the '978 patent willfully, and in knowing violation of Plaintiff Philippi-Hagenbuch, Inc.'s patent rights.

23. Defendant Westech's aforementioned acts have caused damage to Plaintiff Philippi-Hagenbuch, Inc. and will continue to do so unless and until enjoined.

## COUNT TWO-PATENT INFRINGEMENT
## U.S. PATENT NO. 7,412,357

24. Plaintiff Philippi-Hagenbuch, Inc. re-alleges and incorporates herein paragraphs 1-19.

25. Defendant Westech has directly infringed, induced infringement of, and/or contributed to the infringement of the '357 Patent.

26. Defendant Westech has infringed the '357 patent willfully, and in knowing violation of Plaintiff Philippi-Hagenbuch, Inc.'s patent rights.

27. Defendant Westech's aforementioned acts have caused damage to Plaintiff Philippi-Hagenbuch, Inc. and will continue to do so unless and until enjoined.

## COUNT THREE-PATENT INFRINGEMENT
## U.S. PATENT NO. 6,547,091

28. Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-19.

29. Defendant Westech has directly infringed, induced infringement of, and/or contributed to the infringement of the '091 Patent.

30. Defendant Westech has infringed the '091 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

31. Defendant Westech's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

## COUNT FOUR PATENT INFRINGEMENT
## U.S. PATENT NO. 7,735,507

32. Plaintiff Mr. Hagenbuch re-alleges and incorporates herein paragraphs 1-19.

33. Defendant Westech has directly infringed, induced infringement of, and/or contributed to the infringement of the '507 Patent.

34. Defendant Westech has infringed the '507 patent willfully, and in knowing violation of Mr. Hagenbuch's patent rights.

35. Defendant Westech's aforementioned acts have caused damage to Mr. Hagenbuch and will continue to do so unless and until enjoined.

## V. EXCEPTIONAL CASE

36. This case is exceptional within the meaning of 35 U.S.C. § 285. Plaintiffs Mr. Hagenbuch and Philippi-Hagenbuch, Inc. are entitled to an award of their reasonable attorneys' fees in connection herewith.

## VI. VII. JURY DEMAND

37. Plaintiffs Mr. Hagenbuch and Philippi-Hagenbuch, Inc. request a jury for all issues so triable in connection with this matter.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Mr. Hagenbuch and Philippi-Hagenbuch, Inc. respectfully request that the Court:

A. Permanently enjoin Defendant Westech, its agents, servants and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the Patents in Suit;

B. Award Plaintiffs Mr. Hagenbuch and Philippi-Hagenbuch, Inc. damages for the infringement by Defendant Westech of the Patents In Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C. Declare this case exceptional pursuant to 35 U.S.C. §285;

D. Award Plaintiff Mr. Hagenbuch and Philippi-Hagenbuch, Inc. costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court;

E. Award Plaintiffs Mr. Hagenbuch and Philippi-Hagenbuch, Inc. their pretrial and post-judgment interest as provided by law; and

F. Award Plaintiffs Mr. Hagenbuch and Philippi-Hagenbuch, Inc. such other and further relief as to which they may be justly entitled, at law or in equity.

                    s/David E. Jones
                    David E. Jones
                    Attorney for the Plaintiffs Philippi Hagenbuch Inc.
                    and LeRoy G. Hagenbuch
                    HINSHAW & CULBERTSON, LLP.
                    416 Main Street, 6th Floor
                    Peoria, Illinois 61602
                    Telephone: (309) 674-1025
                    Facsimile: (309) 674-9328
                    djones@hinshawlaw.com

Dated: March 30, 2012

                    John B. Conklin
                    Attorney for the Plaintiffs Philippi Hagenbuch Inc.
                    and LeRoy G. Hagenbuch
                    LEYDIG, VOIT & MAYER, LTD.
                    Illinois Bar No. 6184070
                    180 N. Stetson Ave., Suite 4900
                    Two Prudential Plaza
                    Chicago, IL 60601-6731
                    Telephone: (312) 616-5600
                    Facsimile: (312) 616-5700
                    jconklin@leydig.com

## CERTIFICATE OF MAILING

I hereby certify that on March 30, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using CM/ECF system. I also certify that I will send by electronic mail and first class postage prepaid to:

                    Harold Allison
                    President
                    Western Technology Services International, Inc.
                    415 First Street
                    Mills, Wyoming 82644
                    hallison@wstch.com