# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| PHILIPPI-HAGENBUCH, INC. and LEROY G. HAGENBUCH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12-cv-1099 ) |
| WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC., and WOTCO, INC., | ) ) ) ) ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Philippi-Hagenbuch, Inc.'s and LeRoy G. Hagenbuch's (collectively Hagenbuch) Motion to Compel Discovery (d/e 32) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

## BACKGROUND

Hagenbuch filed this action on March 30, 2012. Hagenbuch owns two patents both entitled "Process for Three-Dimensional Modeling and Design of Off-Highway Dump Bodies." U.S. Patent No. 7,369,978, issued May 6, 2008 (978 Patent); and U.S. Patent No. 7,412,357, issued August 12, 2008 (357 Patent) (collectively the Design Patents). Hagenbuch also

owns two patents both entitled "Baffled Tank for a Vehicle." U.S. Patent No. 6,547,091, issued April 15, 2003 (091 Patent); and U.S. Patent No. 7,735,507, issued June 15, 2010 (507 Patent) (collectively the Tank Patents). Amended Complaint (d/e 44) (Complaint), ¶¶ 17-18 and Exhibit 1-4 (All four patents collectively referred to as the Patents in Suit). Hagenbuch alleges that Defendant Western Technology International, Inc. (Westech) willfully infringed on the Patents in Suit. Complaint, ¶¶ 20-36.

On November 21, 2012, Hagenbuch served written discovery requests on Westech. Hagenbuch sought technical, sales, and marketing information regarding the accused tanks and the accused processes for customized truck body designs. Hagenbuch did not include any time limitations on the requests. See Plaintiff's Memorandum in Support of Their Motion to Compel Discovery (d/e 33) (Hagenbuch Memorandum), Exhibit C, Request for Production of Documents (d/e 34), and Exhibit D Interrogatories to Defendant (d/e 35). In response, Westech limited its responses regarding the Design Patents to May 1, 2008, because the earliest date of issue of those two patents was May 6, 2008. Westech limited its responses regarding the Tank Patents to March 30, 2006, because the six-year statute of limitations may limit Hagenbuch's available damages to that date. See Motion, Exhibit E, Westech Response to

Document Requests, and Exhibit F, Westech Response to Interrogatories; see also 35 U.S.C. § 286.  Westech has now agreed to provide responses regarding the Tank Patterns back to the first issuance date of the two patents, April 15, 2003.  Defendant Westech's Opposition to Plaintiffs' Motion to Compel (d/e 45) (Opposition), at 4.  The Motion is, thus, moot with respect to this information.

Hagenbuch moves to compel Westech to provide responses back to the first application date of the Design Patents and Tank Patents respectively.  Hagenbuch filed the application for the first Design Patent, the 357 Patent, on June 15, 1999, and the application for the first Tank Patent, the 091 Patent, on June 1, 2001.  Complaint, Exhibit 2, 357 Patent, at 1, and Exhibit 3, 091 Patent, at 1.  Westech provided information from before the application dates.  Hagenbuch does not seek to compel any additional responses from before the application date.  See Motion, at 3 n.3.  Westech objects to providing responses from the issue dates back to application dates on relevance grounds.  Westech also objects to the discovery requests as being overly broad and unduly burdensome.

## PRINCIPLES OF DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the

claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130 U. A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The good cause standard is intended to be flexible,

> If there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists

for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible.

Federal Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The party opposing discovery has the burden of proving that the requested discovery should be disallowed.  Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).  Remember, we are talking discovery, not admissibility at trial.

## ANALYSIS

Hagenbuch argues that the information sought is relevant to prove willful infringement, damages, and to oppose Westech's invalidity defense. Motion, at 5-9.  Westech responds that information before the issuance date is not relevant to any of these issues.  Opposition, at 2-8.  Westech also argues that the requests are overly broad and unduly burdensome. Opposition, at 9-10.

The Patent Act authorizes enhanced damages for willful infringement of up to three times the compensatory damages.  35 U.S.C. § 284; In re

Seagate Technology, LLC, 497 F.3d 1360, 1368 (Fed. Cir. 2007).  To secure enhanced damages, Hagenbuch must prove by clear and convincing evidence that:  (1) Westech "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent;  and (2) the objectively high likelihood of infringement was either known by [Westech] or so obvious that it should have been known by [Westech]." GSI Group, Inc. v. Sukup Mfg. Co., 591 F.Supp.2d 977, 981 (C.D. Ill. 2008) (citing In re Seagate, 497 F.3d at 1371).  Hagenbuch seeks technical, sales, and marketing information to determine whether Westech copied and used the inventions disclosed in the Patents in Suit while the applications were pending, and then continued to copy and use the inventions after the Patents in Suit were issued.   The inventions consist of the products disclosed in the Tank Patents and the design processes disclosed in the Design Patents.

     Hagenbuch argues that copying and using the inventions before the Patents in Suit were issued would be relevant to show that Westech was aware of Hagenbuch's inventions, and so, knew that it was infringing once the Patents in Suit were issued.  Westech counters that the information before issuance of the Patents-In-Suit is irrelevant because a patent is not valid until it is issued.  See GAF Building Materials Corp. v. Elk Corp. of

Dallas, 90 F.3d 479, 483 (Fed. Cir. 1996).  Thus, Westech argues that it had no likelihood of infringement before the first issuance dates for the Design Patents and the Tank Patents, respectively.

The Court agrees with Hagenbuch on this issue.  Westech's knowledge of the existence of the applications for the Patents in Suit before the issuance dates is relevant to Westech's knowledge that its alleged activities would constitute infringement after the issuance dates.  Cf. e.g., GAF Building Materials Corp., 90 F.3d at 480-81 (defendant accused of copying invention disclosed in patent application before issuance and then infringing on the patent by continuing to use the invention after issuance of the patent).  Therefore, the sought after information is relevant to the issue of willfulness.

The technical, sales, and marketing information from before the issuance date is also relevant to the reasonable royalty method of measuring damages.  The reasonable royalty theory allows damages in the amount of a reasonable royalty to which the infringer and the patent holder hypothetically would have agreed at the time that the infringement began. Wang Laboratories, Inc. v. Toshiba Corp., 993 F.2d 858, 870 (Fed. Cir. 1993); see Power Integration, Inc., 711 F.3d at 1379.  If Westech copied and used the inventions disclosed in the applications for the Patents in Suit

before the issuance dates, then its history and experience with those inventions before the issuance dates would be relevant to measuring the value of those inventions on the issuance dates, and so, relevant to calculating a reasonable royalty on the issuance dates. Westech's arguments to the contrary are not persuasive. Westech's relevance objection, therefore, is overruled.

Hagenbuch also argues that technical, sales, and marketing information before the first issuance dates of the Tank Patents and Design Patents is relevant to the lost profits theory of damages. Under this theory, Hagenbuch can recover lost profits resulting from the erosion in price caused by the increased competition from Westech's alleged infringement. Power Integration, Inc., 711 F.3d at 1377-78. Hagenbuch argues that Westech's use of its inventions before the Patents in Suit issued is relevant to determine the effects of their activities on the price of the products sold through the use of the inventions. The Court disagrees with Hagenbuch. Westech's alleged use of Hagenbuch's inventions before the Patents in Suit issued would have been legal activity and not infringement. GAF Building Materials Corp., 90 F.3d at 483. Thus, the impact of that legal activity on market prices would not have injured Hagenbuch. The

requested information, therefore, is not relevant to the lost profits theory of damages.[1]

Hagenbuch also argues that marketing information before the first issuance dates of the Tank Patents and Design Patents is relevant to oppose Westech's invalidity defense.  <u>Defendants' Answer and Counterclaims to Plaintiffs' Amended Complaint (d/e 46)</u>, at 6, <u>Second Defense</u>.  Westech alleges that the Patents in Suit are invalid for several reasons, including obviousness under § 103 of the Patent Act.  35 U.S.C. § 103.  Section 103 of the Patent Act states, in part,

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains.

35 U.S.C. § 103.  The determination of whether a claimed invention is obvious turns on several factors:

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.  Against this background, the obviousness or nonobviousness of the subject matter is

---

[1] Evidence of infringement after the Patents in Suit issued, but during a period for which damages are not recoverable (such as claims for infringement after the Patents in Suit issued but barred by the six-year statute of limitations) may be relevant to the effect of infringement on the erosion of prices.  <u>Power Integration, Inc.</u>, 711 F.3d at 1377-78.  Thus, Westech should provide the requested information back to the first date of issue, and has agreed to do so.

> determined.  Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.  As indicia of obviousness or nonobviousness, these inquiries may have relevancy.

Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 17-18 (1966).  Evidence that Westech copied and used Hagenbuch's claimed inventions would be relevant to proving secondary considerations such as commercial success and the existence of a long felt but unresolved need.  Westech argues that such evidence is irrelevant because the relevant point in time to determining obviousness is the time of invention.  The Court disagrees.  Secondary considerations, such as commercial success and the existence of a long felt but unresolved need, may be proven by evidence of the subsequent commercial success of the invention and the subsequent copying of the invention by competitors.  See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc., 699 F.3d 1340, 1349-52 (7th Cir. 2012) (evidence of commercial success and copying of the claimed invention supported nonobviousness).  Thus, evidence that Westech copied and used the claimed inventions disclosed in the applications of the Patents in Suit in order to achieve commercial success would be relevant to the issue of obviousness.  Westech's relevance objection is overruled.

Westech also objects on the grounds that providing responsive technical, sales, and marketing information from the issuance date back to the patent application date is unduly burdensome.  Westech has agreed to provide the responsive information with respect to the Tank Patents from March 30, 2006, back to April 15, 2003.  Westech does not claim that providing the responsive information presents an undue burden.  Westech's declarant Frederick J. Reynolds only discusses in detail the difficulties that would be presented if the Court ordered production of documents related to Westech's body-design process.  <u>Westech Response</u>, Exhibit A, <u>Declaration of Frederick J. Reynolds (Reynolds Declaration)</u>, ¶¶ 5-7.  Reynolds does not indicate that producing responsive materials with respect to the accused tanks and the Tank Patents would present such problems.  Producing responsive information back to June 1, 2001, therefore, should not present a significant additional burden.  The objection that the requests are unduly burdensome with respect to responsive technical, sales, and marketing information related to the accused tanks and the Tank Patents is therefore overruled.

The burden of producing additional information with respect to the accused design processes and the Design Patents would be more significant.  Westech would be required to provide responsive technical,

sales, and marketing information for approximately nine years, from May 1, 2008, back to June 15, 1999.  Reynolds states that producing responsive documents related to body-design would be particularly burdensome for the time period before 2004.  <u>Reynolds Declaration</u> ¶ 5.  Hagenbuch indicates that it has reason to believe that Westech may have starting using the claimed invention disclosed in the applications for the Design Patents in 2004.  <u>See</u> <u>Hagenbuch Memorandum</u>, at 6 and Exhibits G and H.  The Court, therefore, will limit the required response to the discovery requests with respect to the accused design processes and the Design Patents to responsive information from May 1, 2008, back to January 1, 2004.  This limitation on the requested discovery should provide Hagenbuch with sufficient information, but still minimize the burden on Westech.

Westech further complains that Hagenbuch fails to address objections that it raised to the excessive breath of Hagenbuch's discovery requests.  Westech is correct on this point.  Westech made several objections in its responses to Hagenbuch's discovery requests on the grounds that specific requests were vague or overly broad.  Westech then set forth in its responses the manner in which it would respond to each such request.  <u>See</u>, <u>Hagenbuch Memorandum</u>, Exhibits E and F, <u>Westech's Response to Plaintiffs' Requests for Production of Documents</u>

(d/e 35) and Westech's Answer and Objections to Plaintiffs' First Set of Interrogatories (d/e 35) (Discovery Responses).  The parties met and conferred and Westech agreed to provide some additional information.  See Motion, Exhibits A and B, Letter dated March 11, 2013, and Letter dated March 25, 2013 (d/e 34) (Conference Letters).

The Motion only challenges the temporal limitation that Westech included in its responses and not Westech's other specific objections.  This Opinion only addresses Westech's temporal objection to providing responses before the first issuance date of the Design Patents and the Tank Patents respectively.  Westech, therefore, may respond in its supplemental responses in the same manner and to the same extent that it responded in the Discovery Responses, as modified by the Conference Letters, except that the responses must extend back to June 1, 2001, for discovery requests related to accused tanks and the Tank Patents, and January 1, 2004, for requests related to the accused design processes and the Design Patents.

WHEREFORE Plaintiffs' Motion to Compel Discovery (d/e 32) is ALLOWED in part.  Westech is directed to provide technical, sales, and marketing information responsive to Plaintiffs' discovery requests as provided in this Opinion: (1) with respect to the accused tanks and the Tank

Patents from April 15, 2003, back to June 1, 2001; and (2) with respect to the accused design processes and the Design Patents from May 1, 2008, back to January 1, 2004.  Westech is directed to provide the additional discovery responses by June 28, 2013.  The Motion is denied as moot with respect technical, sales, and marketing information responsive to Plaintiffs' discovery requests with respect to the accused tanks and the Tank Patents from March 30, 2006, back to April 15, 2003, because Westech has agreed to provide such information voluntarily.  Westech is directed to provide the additional information that it has agreed to provide voluntarily by June 28, 2013, if it has not already done so.  The Motion is otherwise denied.

ENTER:   June 3, 2013

       *s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE