UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIPPI-HAGENBUCH, INC., and LEROY HAGENBUCH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 12-1099 ) |
| WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC., and WOTCO, INC., | ) ) ) ) |
| Defendants. | ) ) |

## O R D E R

This matter is now before the Court on Plaintiffs' Motion for Summary Judgment that Certain of Westech's Water Tanks Infringe Claims 22, 23, 24, 36, and 60 of U.S. Patent No. 6,547,091 (the "'091 patent") and That Such Claims Are Not Invalid. The Motion [192] has been fully briefed by the parties and is now ready for resolution.

### BACKGROUND

Both parties are competitors in the manufacture of large water tanks used in mining. This case arises out of a claim by Plaintiffs that Defendants have infringed on its patents for designing and making these water tanks.

Specifically relevant to these Motions is the fact that Plaintiff, Leroy Hagenbuch ("Hagenbuch"), is the inventor and owner of the '091 patent, which was filed on June 1, 2001. Hagenbuch asserts that Westech infringes Claims 22-24, 36, and 60 of the '091 patent.

**LEGAL STANDARD**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 2553. However, a plaintiff's uncorroborated testimony or subjective belief standing alone is insufficient to defeat a motion for summary judgment. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997); *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex Corp.*, 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 106 S.Ct. at 2511; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

**ANALYSIS**

Initially, the Court notes that Plaintiffs seek a finding that the claims of the '091 patent are not invalid. As Westech admits that invalidity is not in issue, this portion of Plaintiffs' Motion for Summary Judgment is granted.

Plaintiffs next argue that Westech's offer for sale and WOTCO's manufacturing, sale, and use of their D04984, D05253, D05354, D05760, and D06567 tanks infringe on Claims 22-24, 36, and 60 of the '091 patent. In order to determine whether a patent has been infringed, courts must first determine the scope and meaning of the patent claims asserted and then compare the claims to the alleged infringing device. *Golden Blount, Inc. V. Robert H. Peterson Co.*, 365 F.3d 1054, 1059 (Fed. Cir. 2004). To establish infringement, every limitation of the allegedly infringed device must exist in the accused device. *Amazon.com, Inc. v. Barnesandnoble.com., Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001); *Oakley, Inc. v. Sunglass Hut, Int'l*, 316 F.3d 1331, 1339 (Fed. Cir. 2003).

The key issue with respect to these claims revolves around the term "pivotal baffle," which has been construed by the Court to mean "a portion of a baffle that pivots, such as a door in a baffle." Court's Order dated April 8, 2015 at 10.

The language of the relevant claims is as follows:

> 22. A tank for transporting liquids, comprising: a tank vessel having front and rear walls defining a longitudinal direction, opposing sidewalls defining a lateral direction and a floor and a top, a longitudinal baffle arrangement extending in the longitudinal direction through the tank vessel, the longitudinal baffle arrangement including a longitudinally extending chamber, and a pivotal baffle supported on the longitudinal baffle arrangement for pivotal movement between an open position wherein the pivotal baffle extends in the longitudinal direction and a closed position wherein the pivotal baffle extends in the lateral direction.

> 23. The tank according to claim 22 wherein the tank includes a plurality of longitudinally spaced pivotal baffles.
>
> 24. The tank according to claim 23 further including a plurality of lateral baffles supported on the longitudinal baffle arrangement, each lateral baffle being aligned with a respective one of the pivotal baffles.
>
> 36. The tank according to claim 22 wherein the tank vessel has a plurality of entry hatches therein for permitting access into the interior of the tank vessel, each entry hatch having an associated hatch plate which is movable between open and closed positions and being sized to allow a person to enter the tank therethrough.
>
> 60. The tank according to claim 57 wherein at least one of the lateral baffles is supported for pivotal movement.

Hagenbuch argues that Westech's only non-infringement position is that the accused tanks do not have a "pivotal baffle," as defined by Westech. However, the Court ultimately adopted a construction that differed from that proposed by Westech. Hagenbuch then cites a claim chart prepared by his expert, Fred Smith, which purports to map each of the challenged claims in the '091 patent to the accused tanks using a construction of the term "pivotal baffle" that is in line with the construction adopted by the Court. Westech's objection to this evidence as unsworn is without merit; Smith expressly affirmed his opinions under oath during his deposition and has also cured any deficiency in that respect by tendering an affidavit verifying the authenticity of the report.

Smith has identified the longitudinal baffle arrangement, including a longitudinally extending chamber, as well as a pivotal baffle supported on the longitudinal baffle arrangement which extends in the longitudinal direction when open and in the lateral direction when closed. Westech now offers the Declaration of Dr. Frey, its technical expert, to create a factual dispute as to whether the door in the opening of the baffle in the accused tanks is supported by the

longitudinally extending baffle arrangement as required by the claims. Specifically, Dr. Frey takes the position that if the door is the pivotal baffle as opined by Smith, it is supported on a lateral baffle rather than on the longitudinal baffle arrangement. Hagenbuch responds that this Declaration is an untimely supplemental expert report in disguise and should be stricken. Even without Dr. Frey's Declaration, when viewed in the light most favorable to Westech, the drawings relied on by Smith and corresponding explanations raise a question of fact regarding his designation and identification of the longitudinal baffle arrangement that requires resolution by a jury.

The Court was asked to construe the meaning of the term "pivotal baffle" as used in the claims in this action. Construction of longitudinal or latitudinal baffle arrangements was not at issue, but this appears to be where the battle between the opposing experts will occur with respect to these claims. For now, that battle will remain for trial.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment that Certain of Westech's Water Tanks Infringe Claims 22, 23, 24, 36, and 60 of U.S. Patent No. 6,547,091 and That Such Claims Are Not Invalid [192] is GRANTED IN PART and DENIED IN PART. The Motion is granted with respect to any assertions that Claims 22, 23, 24, 36, and 60 are invalid and denied with respect to the request to find that Claims 22, 23, 24, 36, and 60 have been infringed as a matter of law.

ENTERED this 9th day of September, 2015.

                                            s/ James E. Shadid  
                                            James E. Shadid  
                                            Chief United States District Judge