UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIPPI-HAGENBUCH, INC., and<br>LEROY HAGENBUCH,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN TECHNOLOGY SERVICES<br>INTERNATIONAL, INC., and WOTCO,<br>INC.,<br><br>Defendants. | Case No. 12-1099 |

# O R D E R

This matter is now before the Court on Defendants' Motion for Summary Judgment of Invalidity of the Water Tank Maintenance Claims and Plaintiffs' Motion for Summary Judgment that the Water Tank Maintenance Claims are Not Invalid Based on Hoss's Alleged Activities. The Motions [167, 189] have been fully briefed by the parties and are now ready for resolution.

## BACKGROUND

Both parties are competitors in the manufacture of large water tanks used in mining. Hagenbuch is the sole inventor and owner of the '507 patent, entitled "Baffled Tank for a Vehicle," which issued on June 15, 2010. He claims an effective date on June 1, 2001, for this patent, which represents the filing date of the application. This case arises out of a claim by Plaintiffs that Defendants have infringed on its patents relative to these water tanks.

In these motions, Defendants assert that the water tank maintenance claims are invalid because the patented method was not new in 2001 when the patent application was filed.

Specifically, they contend that Gregg Hoss performed every step recited in the Water Tank Maintenance Claims in 1985, at least 15 years before the claimed invention, and again around 1995, when his company acquired the same water tank and tried to sell it. Plaintiffs argue that Hoss' actions are insufficient to invalidate the claims as a matter of law.

## **LEGAL STANDARD**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 2553. However, a plaintiff's uncorroborated testimony or subjective belief standing alone is insufficient to defeat a motion for summary judgment. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997); *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex Corp.*, 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any

genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 106 S.Ct. at 2511; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

Section 101 of the Patent Act sets forth the categories of patent-eligible subject matter:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

35 U.S.C. § 101. The Supreme Court has acknowledged that this language was purposefully expansive and comprehensive, contemplating that patent laws would be given wide scope. *Bilski v. Kappos*, ___ U.S. ___, 130 S.Ct. 3218, 3225 (2010) ("*Bilski II*"). Here, it is undisputed that the patents in question involve a process for the maintenance of water tanks. "Every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary." *Ultramercial, Inc. v. Hulu, LLC*, ___ F.3d ___, 2013 WL 3111303, at *2 (Fed. Cir. June 21, 2013).

The presumption of validity is subject to certain defenses. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 412 (2007). One of the defenses that can be raised against a claim of infringement in invalidity, "that is, [a defendant] may attempt to prove that the patent never should have issued in the first place." *Microsoft Corp. v. i4i Limited Partnership*, 131 S.Ct. 2238, 2243 (2011). Patents can be deemed invalid if the subject matter of the patent is anticipated or obvious. *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350 (Fed. Cir. 2001). A patent is anticipated under 35 U.S.C. § 102 if:

> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign

country, before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or in a public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

To constitute "known or used" under § 102(a), there must be knowledge or use accessible to the public, such that the public possesses enough information to make or use the invention. *Minnesota Mining and Manufacturing Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002). The anticipation inquiry analyzes each claim of the invention, and "a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. Direct TV Group, Inc.*, 523 F.3 1323, 1334 (Fed. Cir. 2008). In other words, "[a]nticipation requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim." *Id.*

With respect to the '507 patent, Plaintiffs accuse Defendants of inducing the infringement of claims 35-38. Claim 35 discloses a method for performing maintenance on a tanker vehicle that dispenses water from a tank onto a working area to help reduce dust clouds resulting from other vehicles working in the area, comprising the following five steps (i.e., limitations): a. unfastening and opening a hatch of one or more access openings on an exterior surface of the tank mounted to the tanker vehicle for carrying the water dispensed in the working area, where the access openings are positioned on the exterior of the tank so as to promote circulation of air into an interior of the tank when the hatch is opened; b. entering into an interior of the tank through one of the access openings; c. performing a maintenance task on the interior of the tank; d. exiting the interior of the tank through one of the access openings upon completion of the maintenance task; and e. closing and fastening the hatch of the access openings. Claim 36 depends on claim 35 and adds the limitation "moving about the interior of the tank to perform the

maintenance task by passing through access openings in baffles within the interior of the tank." Claim 37 depends on claim 36 and adds the limitation "wherein one or more of the access openings are sized to allow personnel to walk between compartments within the tank and defined by the baffle network." Claim 38 depends on claim 35 and adds the limitation "wherein the unfastening and opening of the hatch includes unfastening and opening hatches for each of the two or more access openings and closing the hatches after completion of the maintenance task."

According to the declaration of Mr. Hoss, he purchased two water tankers in 1985 while employed by the Roland Arthur Equipment Company in Irving, Texas; one had a 27,000 gallon capacity, while the other had a 25,000 gallon capacity. Each tanker had interior compartments separated by vertical baffles, but neither had openings in the baffles to allow water to flow between the compartments. They had six access openings on top, providing access to the individual water compartments formed by the internal baffles; each access opening was covered by a hinged hatch and could be secured by a latch. Mr. Hoss wanted to repurpose the tankers for use to dispense water for dust control at mine sites. The tankers were reconditioned by cutting holes approximately 36 inches in diameter in the interior baffles so a person could move within the tank and installing plumbing to permit water to be dispensed onto a working area. Mr. Hoss claims to have personally opened all of the hatches on the tops of the tankers, entered the tankers through each opening, walked through each access opening in the interior baffles into adjoining compartments, performed maintenance tasks on the interior of the tanker, exited the interior of the tankers through a second opening after performing the maintenance, and closed/fastened the hatches. Each time he went into a tanker, he opened at least one hatch to promote air circulation during this reconditioning process and adds that after the access openings were cut into the baffles, the opening of a single hatch provided air circulation. Defendants contend that these

activities constitute prior art under § 102(a); the activities were carried out openly in the ordinary course of business, and there was no effort made to keep them a secret. The tankers were then advertised and sold.

Plaintiffs cite *Lazare Kaplan Intern., Inc. v. Photoscribe Technologies, Inc.*, 528 F.3d 1359, 1374 (Fed. Cir. 2010), for the proposition that oral testimony such as that given by Mr. Hoss must be corroborated and argue that Defendants have failed to do so. Where the testimony of a witness alone is offered to meet the burden of proving invalidity of a patent by clear and convincing evidence, corroboration is required. *i4i Limited Partnership v. Microsoft Corp.*, 598 F.3d 831 (Fed. Cir. 2010); *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1374-76 (Fed. Cir. 2009) (finding that where testimony of an alleged prior inventor is sought to introduced for purposes of invalidating a patent, corroborating evidence must be produced); *Juicy Whip, Inc. V. Orange Bang, Inc.*, 292 F.3d 728, 737-38 (Fed. Cir. 2002).

There is also well-reasoned authority holding that corroboration is required even if the testifying witness is not interested in the outcome of the litigation. *Finigan Corp. v. International Trade Commission*, 180 F.3d 1354, 1368 (Fed. Cir. 1999) (holding that the need for corroboration exists regardless of whether the party testifying concerning the invalidating activity is interested in the outcome of the litigation . . . or is uninterested but testifying on behalf of an interested party. . . . Uninterested witnesses are also subject to the corroboration requirement.").[1] "Documentary or physical evidence that is made contemporaneously with the inventive process

---

[1] The Court notes that *Finigan* was decided four and a half months after *Thompson v. Quixote Corp.*, 166 F.3d 1172, 1176 (Fed. Cir. 1999), the case prinicipally relied on by Defendants in suggesting that no corroboration is required, and expressly clarifies the holding in the earlier case. The holding in *Finigan* has also been affirmed in several subsequent, published Federal Circuit cases. *See e.g., TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1159 (Fed. Cir. 2004); *Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1217 (Fed. Cir. 2002); *Dow Chemical Co. v. Mee Indust., Inc.*, 341 F.3d 1370, 1378 (Fed. Cir. 2003).

provides the most reliable proof that the inventor's testimony has been corroborated." *Sandt Tech.*, 264 F.3d at 1350.[2] The Court finds the reasoning in these cases to be persuasive absent further clarification from the Federal Circuit.

In addition to the testimony referenced above, Defendants offer certain documentary evidence: (1) undated photographs of Hoss' tanks; (2) an equipment card for Stock No. M448, which Mr. Hoss identifies as the repurchased 27,000 gallon tank, purchased by him on August 17, 1998; (3) a sales advertisement attempting to resell the tank; (4) an inventory report dated July 23, 2009.  A declaration from Steven Kinderdick, who transported equipment at Mr. Hoss' direction from 1978 through 2003, states that he observed Mr. Hoss inspect equipment, including water tanks, when it arrived and before it left for a customer.  Mr. Kinderdick personally transported the 27,000 tank from the seller to Mr. Hoss in 1985 and witnessed Mr. Hoss climb on top, open the hatches, and go inside the tanker to inspect it.  He also saw numerous welders and other workers going inside the tank and delivered the tanks when they were sold in 1986.

The corroborating evidence sufficiently establishes that these two water tanks existed and were refurbished at the direction of Mr. Hoss in the mid-1980s, that they had access openings covered by hatches on the top of the tank, that these hatches could be secured with a latch, that there was at least one access way hole in at least one of the interior baffles, that Mr. Hoss and other workers entered the tanks through the access openings to perform work or inspections, and that the hatches were opened and closed.  However, none of the evidence was made

---

[2] There is evidence suggesting that Mr. Hoss has or is seeking a business relationship with Westech, bringing his level of self-interest into question.  He completed a confidentiality agreement in contemplation of moving into a distributor relationship with Westech in 2013 and entered into a Common Interest Agreement that includes a duty by Mr. Hoss to assist with respect to defenses against allegations of infringement in this lawsuit.  On this record, the Court cannot find Mr. Hoss disinterested as a matter of law.  Given the Court's finding with respect to the state of the law in the Federal Circuit on this issue, this resolution of this dispute is not likely material.

contemporaneously with the inventive process, as discussed in *Sandt Tech.* 264 F.3d at 1350-51. At best, the inventory records and photos were prepared in 1998, when Mr. Hoss repurchased the 27,000 tanker, and Mr. Kinderdick's personal knowledge does not extend to what was actually done inside the tanks. There is no corroboration for Mr. Hoss' explanation of the hatches being placed and opened to promote air circulation into the interior of the tank, the number and placement of access way holes in the baffles, what or how maintenance was performed on the inside of the tanks, how personnel exited the tanks when the process was finished, or what happened to the hatch after the personnel exited. *See Lockheed Aircraft Corp. v. United States*, 553 F.2d 69, 74 (Ct. Cl. 1977) (finding it "well established that the burden of proof of an inventor's alleged conception and reduction to practice is a heavy one requiring full corroboration by other than the inventor's own self-serving testimony or records.")

Recollections of past events, unsupported by contemporaneous documentary evidence, have been held insufficient to meet the strict burden of proof required to demonstrate invalidity. *Id*. On this record, the Court cannot find that Mr. Hoss' activities expressly or inherently disclosed each limitation of claims 35-38 of the '507 patent. This is plainly insufficient to meet Defendants' burden to overcome the presumption of validity by clear and convincing evidence or warrant summary judgment in favor of Defendants. Furthermore, given this failure as a matter of law, Plaintiffs' cross-motion is well-taken with respect to the assertion of invalidity based on anticipation under § 102(a).

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment of Invalidity of the Water Tank Maintenance Claims [167] is DENIED, and the Motion for Summary Judgment that

the Water Tank Maintenance Claims are Not Invalid Based on Hoss's Alleged Activities [189] is GRANTED.

ENTERED this 30th day of September, 2015.

                                           s/ James E. Shadid
                                           James E. Shadid
                                           Chief United States District Judge