UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIPPI-HAGENBUCH, INC., and LEROY HAGENBUCH, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC., and WOTCO, INC., <br><br> Defendants. | Case No. 12-1099 |

# O R D E R

This matter is now before the Court on Defendants' Motion for Partial Summary Judgment to Limit Recovery of Damages for Alleged Infringement of the Water Tank Patents and Plaintiffs' Cross Motion for Partial Summary Judgment as to the Proper Damages Period for the Alleged Infringement of the Water Tank Patents. The Motions have been fully briefed by the parties and are now ready for resolution.

## BACKGROUND

Both parties are competitors in the manufacture of off-highway truck bodies and water tanks used in mining. This case arises out of a claim by Plaintiffs that Defendants have infringed on its patents for designing and making these products. These Motions seek to define the time period for which Plaintiffs could claim damages with respect to any acts of infringement by Defendants with respect to the Water Tank patents, U.S. Patent No. 6,547,091 (the "'091 patent") and U.S. Patent No. 7,735,507 (the "'507 patent"). The Water Tank patents are owned by Hagenbuch, and Philippi-Hagenbuch claims a right to make, use, and sell the inventions protected by those patents.

**LEGAL STANDARD**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 2553. However, a plaintiff's uncorroborated testimony or subjective belief standing alone is insufficient to defeat a motion for summary judgment. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 939 (7th Cir. 1997); *Chiaramonte v. Fashion Bed Group, Inc.,* 129 F.3d 391, 401 (7th Cir. 1997). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex Corp.*, 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 106 S.Ct. at 2511; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

**ANALYSIS**

Under the Patent Act, "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. On March 30, 2012, Plaintiffs brought this action against Westech for patent infringement of the Water Tank patents. An amended complaint was filed on April 22, 2013, joining WOTCO as a defendant. Accordingly, the six-year period prescribed by § 286 would bar any request for damages for any acts of alleged infringement occurring before March 30, 2006. This finding is not disputed and warrants no further discussion.

With respect to the '901 and '507 patents, Defendants argue that Plaintiffs cannot recover damages for water tanks made or sold before they accused Defendants of infringement. In support of this argument, Defendants cite 35 U.S.C. § 287(a) for the proposition that when a patented product is produced by or under the authority of a patentee, the patentee's damages are statutorily limited to infringing acts occurring after the patentee gives the alleged infringer "notice of infringement." Notice can be either constructive, by marking the article with the patent number or the address of a website that provides the patent number, or actual. *Id.*

Pursuant to its grant of authority from Hagenbuch, Philippi-Hagenbuch has made and sold Hi-Vol Water Tanks covered by the Water Tank patents. It is undisputed that the Hi-Vol Water Tanks made and sold prior to this suit were not marked with either the '507 patent number, the '901 patent number, or Philippi-Hagenbuch's internet address. However, Plaintiffs do not contend that they provided constructive notice of the alleged infringement. Rather, they assert that they provided actual notice in the form of correspondence from their counsel.

The '091 patent, "Baffled Tank for a Vehicle," issued to Plaintiff on April 15, 2003. On May 20, 2004, Plaintiffs sent Defendants a letter that stated in relevant part:

3

> We have recently become aware that Westech is offering for sale water tanks that may incorporate features similar to those found in Philippi-Hagenbuch's water tanks.
>
> With this letter we are putting you on notice that Philippi-Hagenbuch has intellectual property rights relating to its proprietary water tank design. U.S. Patent 6,547,091 ("the '091 patent") relates to some of the features incorporated in Philippi-Hagenbuch's water tanks. A copy of this '091 patent is enclosed for your review.
>
> Philippi-Hagenbuch also has patent applications pending in both the U.S. and foreign countries covering additional features of its water tanks. One of these applications has been published as U.S. Patent Application Publication No. US-2003-0230585-A1. A copy of this published application is also enclosed.
>
> Philippi-Hagenbuch intends to enforce its patent rights and any patent rights it obtains from pending U.S. and foreign patent applications. You may want to consider carefully Philippi-Hagenbuch's patent rights in connection with your water tank products. . . .
>
> Please note that by providing you with actual notice of the published application, Philippi-Hagenbuch gets provisional rights to obtain damages if you make, use, sell, offer for sale, or import into the United States the invention claimed in the published application. In other words, after the date that a patent issues on that application, you could be liable for your actions that occurred before that date.
>
> It is expected that Westech will ensure that its water tank products are clear of any infringement from the '091 patent and all other patents that may issue from the pending patent applications.

The '507 patent, "Baffled Tank for a Vehicle," issued to Plaintiff on June 15, 2010. On December 1, 2010, Plaintiffs sent Defendants a letter that stated in relevant part:

> The following patents owned by Mr. Hagenbuch relate to features of the water tanks manufactured by Philippi-Hagenbuch. . . .
>
> From observation of one of Westech's water trucks located at Cloud Peak's Antelope Coal Mine in Wyoming, it appears your company's water trucks have copied features of the Philippi-

> Habenguch water tanks, including access hatches on the front and rear walls of the tanks. These features are protected by one or more of the above identified patents and pending applications.
>
> We direct your attention, for example, to US Patent No. 7,735,507. A copy is enclosed for your convenient reference. Claims 1 and 35 are reproduced below as illustrations of the features protected by this US patent. . . .
>
> Based on the information at hand, Westech is infringing at least Mr. Hagenbuch's '507 patent. To remedy this situation, we require Westech to agree to immediately stop any future manufacture of infringing tanks and agree to pay Mr. Hagenbuch damages of $5,000.00 (USD) per unit for all water tanks already made that infringe one or more of the patents. In this regard, we also require Westech to provide an accounting of its water tanks sold in the last six (6) years and their features relating to external access hatches and personnel openings in the internal baffling. . . .
>
> Mr. Hagenbuch is prepared to enforce his patent rights and will do so if Westech appears to not consider this a serious matter requiring immediate attention.

It is these two letters that forms the basis for Plaintiffs' assertion of actual notice to Defendants.

Plaintiffs maintain that the May 20, 2004, letter constituted actual notice for both the '091 and '507 patents. Defendants do not dispute that the December 1, 2010, letter provided actual notice of purported infringement with respect to the '507 patent but did not make any charge or claims as to the '901 patent. They further argue that the May 20, 2004, letter did not specifically charge Westech with infringement of any patent and, therefore, did not qualify as actual notice.

In *Funai Electric Co. v. Daewoo Electronics Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010), the Federal Circuit addressed what was necessary for a communication to constitute actual notice.

> To serve as actual notice, a letter must be sufficiently specific to support an objective understanding that the recipient may be an infringer. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001). The letter must communicate a charge of infringement of

5

specific patents by a specific product or group of products. *Amsted Industries, Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir 1994).

"[A]s long as the communication from the patentee provides sufficient specificity regarding its belief that the recipient may be an infringer, the statutory requirement of actual notice is met. Thus, the requirement of 'a specific charge of infringement' set forth in *Amsted* does not mean the patentee must make an 'unqualified charge of infringement.'" *Gart*, 254 F.3d at 1346. However, the notice must "not merely [be] notice of the patent's existence or ownership." *Amsted*, 24 F.3d at 187.

In *Gart*, the letter in question advised that Gart was the holder of a particular patent (the "'165 patent"), that the defendant was selling a product under a certain trademark, and that the defendant may wish to have its patent counsel examine the enclosed patent to determine whether a license was needed. *Id.*, at 1337. A second letter sent another copy of the '165 patent and indicated that the defendant may find the '165 patent particularly interesting relative to two of its products. *Id.*, at 1338. The Federal Circuit held that with respect to the first letter, the clear inference from the 1995 letter's reference to specific claims of the patent, a specific product, and the suggestion that a license may be needed, when viewed objectively, is that Gart believed that the defendant infringed its '165 patent. *Id.*, at 1346. This was deemed sufficient to have provided actual notice under § 287(a). *Id.* The court further held that the second letter, standing alone, would not constitute actual notice, but that when read in conjunction with the first letter, "reasonably apprised" the defendant that Gart believed that another trademark was infringing its patent. *Id.*, at 1346-47.

Similarly, in *Amsted*, the letter stated that Amsted had acquired a number of patents and expected to enforce its rights pursuant to those patents, as well as that the defendant should

6

acquaint itself with the patent and refrain from supplying or offering parts which would infringe or contribute to the infringement of the patent. 24 F.3d at 186. A second letter three years later referenced the first letter, identified one of defendant's products, alleged infringement of the patent referenced in the first letter, and demanded that the defendant cease and desist any further production or sale of infringing products. *Id.* The first letter was found to be insufficient to constitute actual notice for failure to affirmatively communicate a specific charge of infringement. *Id.*, at 187. The Federal Circuit held that "[t]he 1986 letter was merely informational, of the kind that companies often send to others without intending to charge infringement. Just as such letters tend not to be threats sufficient to justify a declaratory judgment action, they also are not charges of infringement for 'notice' purposes." *Id.*

Here, the May 2004 letter advises that Plaintiff is putting Westech on notice that it has intellectual property rights in the '091 patent and has additional applications pending, indicates that it has "recently become aware that Westech is offering for sale water tanks that may incorporate features similar to those found in Philippi-Hagenbuch's water tanks," states that it intends to enforce its patent rights, and that Westech "may want to consider carefully Philippi-Hagenbuch's patent rights in connection with your water tank products." According to Hagenbuch, the letter was not intended to be an direct charge of infringement, because he didn't have enough information to make a direct charge at that point. Rather, it was intended as more of a "public service" to make Westech aware of a patent. That being said, the letter indicated an expectation that Westech would ensure that its water tank products were clear of any infringement of the '901 patent and any patents that could issue from the pending application, which became the '507 patent.

Guidance from *Gart*, *Amsted*, and *SRI International, Inc. v. Advanced Technology Laboratories, Inc. and ATL Washington, Inc.*, 127 F.3d 1462, 1469-70 (Fed. Cir. 1997), establishes that there is no specific form or content required to constitute actual notice. That being said, minimum requirements must still be met.

> It is not controlling whether the patentee threatens suit, demands cessation of infringement, or offers a license under the patent. . . . the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer. Thus, the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise.

*Id.* When applied to the May 2004 letter, the first two requirements are satisfied by the identification of the '091 patent, pending application, and the reference to Westech's water tanks. The satisfaction of the third requirement is a closer question, as there is no threatened suit or offer of a license, and Hagenbuch's deposition testimony suggests that this letter was not intended to be an official accusation of infringement. *See Amsted*, 24 F.3d at 187 (noting that it is the action of the patentee, not the knowledge or understanding of the alleged infringer that is controlling.)

The statement of awareness that Westech is selling tanks that "may incorporate" protected features and assertion of intellectual property rights standing alone bears similarity to the letters found to be insufficient in *Gart* and *Amsted*. The letter then conveys a suspicion of infringement rather than a direct accusation of infringement, stopping short of the language found to be sufficient in *Funai* and *Gart*. 616 F.3d at 1372 (finding "We believe that your products infringe one or more claims of the aforementioned patents . . ." to constitute actual notice); *Gart*, 254

8

F.3d at 1346 (finding sufficient the assertion that defendant "may wish to have [its] patent counsel examine the . . . patent . . . to determine whether a non-exclusive license under the patent is needed"); *see also, Jackson v. Intel Corp*, 2009 WL 2851742, at *4 (N.D.Ill. Aug. 31, 2009) (finding significant a statement by the patentee that he and counsel "have not yet analyzed any Dialogic products to determine whether or not they infringe.") Accordingly, this case falls within the gray area that exists between communications that have found to be sufficient and insufficient as a matter of law. When these facts are considered in the context of the case precedent, the Court must conclude that the letter falls closer to the line of cases finding that actual notice has been given and sufficiently conveys an objective understanding that Westech may be infringing the '091 patent. Accordingly, the Court finds that the May 2004 letter was sufficient to provide actual notice with respect to the '901 patent pursuant to § 287(a). Therefore, any damages established with respect to the '091 patent may be recovered for a period beginning March 30, 2006.

With respect to the reference to the pending application that later became the '507 patent, Plaintiffs argue that the letter likewise gave actual notice to Westech that its water tank products would be infringing the invention/process protected by the application when it matured into a patent. Section 154(d) of the Patent Act provides for provisional damages where infringement occurs before a patent actually issues as long as there is notice and the claims of the patent do not change substantially during prosecution. 35 U.S.C. § 154(d). The record simply does not support a conclusion that the claims in the patent application are substantially the same as the claims that ultimately issued in the '507 patent. The Court therefore concludes that its findings with respect to actual notice for the '091 patent do not carry over to apply to the pending

application that became the '507 patent, and the May 2004 letter was insufficient to constitute actual notice as to the '507 patent.

This brings us to the December 1, 2010, letter. Defendants concede that this letter constituted actual notice with respect to the '507 patent. The Court therefore concludes that any damages established for infringement of the '507 patents may not be recovered for any period prior to December 1, 2010, the first time that Westech received actual notice pursuant to § 287(a).

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment to Limit Recovery of Damages for Alleged Infringement of the Water Tank Patents [125] is GRANTED IN PART and DENIED IN PART, and Plaintiffs' Cross Motion for Partial Summary Judgment as to the Proper Damages Period for the Alleged Infringement of the Water Tank Patents [132] is GRANTED IN PART and DENIED IN PART.

ENTERED this 30th day of September, 2015.

s/ James E. Shadid<br>
James E. Shadid<br>
Chief United States District Judge