E-FILED
Tuesday, 03 November, 2015 01:04:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIPPI-HAGENBUCH, INC., and LEROY HAGENBUCH, <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC., and WOTCO, INC., <br><br> Defendants. | Case No. 12-1099 |

# **O R D E R**

This matter is before the Court on Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [338] is DENIED.

### DISCUSSION

Following a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), the Court initially determined that the disputed terms were to be given the ordinary and customary meaning that the terms would have to a person of ordinary skill in the art at the time of the filing date of the patent application and read in the context of the entire patent. However, following discovery, the parties disputed the scope of these terms and what the ordinary and customary meanings were in the context of the patents at issue. As the direction to use the terms' ordinary meanings did not resolve the parties' dispute, the Court was obligated to revisit the issue. The Court's April 8, 2015, Order defined the scope of several terms in the patents that were in dispute. Plaintiffs then sought reconsideration of the Court's ruling with respect to the certain of the terms, which was denied on May 13, 2015.

At the parties' request, the Court has held numerous status conferences, extended deadlines, followed the parties' suggestion of addressing certain key motions while reserving ruling on other motions, and stayed proceedings to allow mediation in an effort to facilitate the resolution of this matter without the need for trial.  For whatever reason, mediation was not successful, and an agreed disposition has not been achieved.  All told, the Court has now ruled on *Daubert* motions, roughly 13 motions for summary judgment, and numerous substantive motions to compel or strike. Plaintiffs' Motion for Certification, was then filed on September 30, 2015.

Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Plaintiffs propose that the Court certify the Claim Construction Orders [69, 308], and the specific constructions contained therein, for immediate appeal.  After careful consideration, the Court finds the request to be inappropriate for certification.

Plaintiffs urge the Court to find that the claims construction involves controlling questions of law and that certification for immediate appeal will materially advance the ultimate termination of the litigation by avoiding a lengthy trial process in the event that this Court's claims construction is reversed.  They cite *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000), for the proposition that certification requires a question of law that is controlling, contestable, and the resolution of which will speed up the litigation.

Defendants also rely on *Ahrenholz* for another, nonstatutory requirement, that the petition be filed within a reasonable time after the order sought to be appealed.  The Court finds this

requirement to be important in this case, when the certification request comes more than five months after the challenged construction, more than four months after reconsideration was denied, and after the parties requested and received rulings on more than a dozen potentially dispositive motions. Filed in the wake of all of these rulings and when the matter is ready for final pretrial conference and trial, a fair reading of the Motion reflects Plaintiffs' dissatisfaction with the outcome of these rulings as much as any legitimate challenge to the claims construction. As a result, the Court could conclude that the request was not made within a reasonable time, but need not do so as the request also fails on its merits.

The Court finds that the circumstances of this case do not present the kind of exceptional circumstances necessary to justify interlocutory review. The issue of law does not involve the meaning of a statutory, constitutional or regulatory provision that is easily resolved without extensive review of the record, but rather the meaning of certain claims within the context of four patents. As seen in the summary judgment rulings, while the claims construction affects the ultimate legal issues in this case, the claims construction is not dispositive of the majority of the legal issues to be tried. Accordingly, interlocutory appeal would not eliminate the necessity of a trial in this matter but rather would delay the trial that is essentially ready to proceed in this Court.

The Federal Circuit has expressly noted that claims construction decisions should not be given any special accommodation in terms of interlocutory appeal. *Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) (noting that "piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case.") The Court agrees and finds that this case does not present the type of situation where a deviation from the norm is warranted. If challenges to claims construction orders were sufficient to avoid the finality requirement, every patent case would potentially qualify for § 1292(b) certification, which would be contrary to the admonitions of the

Supreme Court and Courts of Appeal that certification is to be used sparingly and to be the exception rather than the rule.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Certification of the Court's Claim Construction Orders [338] is DENIED, and the Motion for Oral Argument [352] is also DENIED.

ENTERED this 3rd day of November , 2015.

                                                     s/ James E. Shadid
                                                     James E. Shadid
                                                     Chief United States District Judge